**Richard DROST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–99–00024–CR.**

Court of Appeals of Texas,
El Paso.

March 8, 2001.

Discretionary Review Refused
Aug. 1, 2001.

Charles Louis Roberts, Lauren K.S. Murdoch, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., Tom A. Darnold, Asst. Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

LARSEN, Justice.

Richard Drost appeals his conviction for theft of more than $500 but less than $1,500 for stealing a used compact disk player from his employer. A jury assessed punishment at ninety days, probated for one year, and a fine of $500. We reverse and remand as we find there was factually insufficient evidence on the value of the stolen property.

## FACTS

Richard Drost was employed as a technician for the Hoy Fox Toyota Lexus Dealership in El Paso, Texas. In September 1996, a salesperson, Oscar Rodriguez, was closing a sale on a new Toyota 4 Runner. The purchaser wanted a compact disk player installed in the car. Rodriguez approached Rudy Gomez, another salesman at the dealership who had once procured a used CD player for Rodriguez's personal use. Gomez had Drost call Rodriguez, and Drost offered to sell Rodriguez a used CD player for the 4 Runner for $195. Rodriguez gave Drost most of the money, with a promise to pay the difference later. Rodriguez did not know where Drost obtained the CD player.

Drost told his assistant, Scott Lankford, to remove a CD player from one of the used cars on the lot. Lankford did so, and gave the player to Drost. Drost installed the CD player in the new 4-Runner, and the car was sold.

Several days later, Steve Fox, owner of Hoy Fox Toyota, called an employee meeting. He informed his employees that several items, including the CD player, were missing from cars on the lot. Fox announced that the police had been informed and they would soon be fingerprinting the vehicle from which the CD player had been taken. Lankford asked Drost to accompany him to talk to Fox, believing there was a misunderstanding. Drost told Lankford not to worry because it would all "blow over." Drost instructed Lankford to touch all the cubbyholes in cars that had contained CD players, thus diluting any impact of Lankford's fingerprints on the 4-Runner. Suspecting that removing the CD player had not been authorized by the

dealership, Lankford went to Richie Trottier, service manager, and told him what had happened.

Drost was eventually arrested for theft of the CD player, which the information alleged had a value of $500 or more, but less than $1,500. After jury trial, Drost was convicted. This appeal follows.

## LEGAL SUFFICIENCY OF EVIDENCE ESTABLISHING VALUE

In his first issue for review, Drost urges there was legally insufficient evidence that the value of the property stolen was $500 or more, but less than $1,500.

### Standard of Review

■ The standard for reviewing legal sufficiency of the evidence to support a conviction is whether, after reviewing all the evidence in the light most favorable to the verdict, any rational fact finder could find the essential elements of the crime beyond a reasonable doubt.[1] The fact finder, here the jury, is the sole judge of the weight of the evidence and may choose to believe all, some, or none of it.[2] Reconciliation of conflicts in the evidence is within the exclusive province of the fact finder.[3] Additionally, the fact finder may believe some witnesses and refuse to believe others, and may accept portions of the testimony of a single witness while rejecting other portions.[4]

### Value

■ The Texas Penal Code defines value, for purposes of crimes against property, as:

(1) the fair market value of the property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.[5]

Thus, the evidence is legally insufficient to prove value if there was no evidence presented from which a reasonable fact finder could find fair market value beyond a reasonable doubt; or if it is shown that fair market value cannot be ascertained, if there was no evidence from which the fact finder could find replacement value beyond a reasonable doubt. We conclude there was legally sufficient evidence to establish value using the fair market value method of determining value.

■ Ronald Wynn, parts and services director at the dealership, testified as follows:

Q: You were the parts manager. How much do you reckon one of these CD players that was missing was worth?

A: Somewhere in the neighborhood of five or $600.00.

Q: A used one?

A: A used one.

Q: Came out of a '95 Toyota 4-Runner which was on the used car lot. Is that right?

A: Yes, sir.

Q: Okay. So a used CD player—you're talking about a new one is what you thought that be worth?

A: Could be, yes, sir.

1. *Youens v. State,* 988 S.W.2d 404, 407 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

2. *Moore v. State,* 935 S.W.2d 124, 126 (Tex. Crim.App.1996).

3. *Id.*

4. *Losada v. State,* 721 S.W.2d 305, 309 (Tex. Crim.App.1986).

5. Tex.Pen.Code Ann. § 31.08(a) (Vernon 1994).

Q: You don't have any idea what a used one is worth?

A: Two or three hundred dollars. There's different models, so—

Reading this complete passage in the light most favorable to the verdict, and bearing in mind that the jury could choose to believe part of a witness's testimony and reject other parts, we find that this constitutes legally sufficient evidence to support a value of $500 or more but less than $1,500. We therefore do not reach the issue of replacement value, and overrule Issue One.

### FACTUAL SUFFICIENCY OF EVIDENCE ESTABLISHING VALUE

In his second issue for review, Drost urges there was factually insufficient evidence that the value of the property stolen was $500 or more, but less than $1,500.

### *Standard of Review*

▪▪▪ We review factual sufficiency of the evidence to support a verdict by viewing all the evidence in a neutral light, and may reverse only if the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.[6] In conducting a factual sufficiency review, we cannot substitute our conclusions for those of the fact finder.[7] It is not within this Court's province to interfere with the fact finder's resolution of conflicts in the evidence or generally to pass on the weight or credibility of a witness's testimony.[8] The reviewing court may consider only those few matters bearing on credibility that can be fully determined from a cold appellate record.[9] Unless the record clearly reveals a different result is appropriate, an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence.[10] Our authority to disagree with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of manifest injustice.[11]

▪▪▪ Evidence may be factually insufficient in two ways: it may (1) be so weak as to be clearly wrong and manifestly unjust; or (2) it may be against the great weight and preponderance of the evidence.[12] If we determine that a manifest injustice has occurred, we must provide a clearly detailed explanation of that determination that takes all the relevant evidence into consideration.[13]

### *Value*

▪▪▪ The recitation set out above is all the evidence adduced by the State on the issue of fair market value. The State alternatively relies upon additional evidence on replacement cost, as follows:

Q: Okay. Relative to your value situation, you say that you ordered them to go ahead—and this came to light, I take it, because this used vehicle had been sold at some point, you

6. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim. App.2000); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996).

7. *Duffy v. State*, 33 S.W.3d 17, 22 (Tex.App.— El Paso 2000, no pet.).

8. *Id.*

9. *Johnson*, 23 S.W.3d at 8.

10. *Id.*

11. *Id.* at 9.

12. *Id.* at 11.

13. *Id.*

know within the last few hours or day or something. Okay?

A: Yes, sir.

Q: And you put a new CD changer in it and you say that was approximately $700.00?

A: I think that's correct.

Q: Okay. The CD player that disappeared was of course used?

A: It was used.

Q: Okay. And relative to the value, do they depreciate?

A: Well, there is an important thing to point out. The Toyota factory warranty is three years and only a new unit carries that warranty. If we would have stuck a used unit in there it would have had no warranty and we would not have given our customer full value so we had to put a new unit back in.

Q: If you had taken, sir, that used unit out of that '95 Toyota or whatever year it was, could you have sold it for the full market price? In other words, let's say that a brand new one, if I go in and I buy one from your parts department and that's $700.00. Could you sell one that had been used, that you had taken out of a car, on the open market for that value?

A: No, sir.

Q: Okay. And additionally, the figure you gave us includes some value for installation?

A: Yes, sir.

 We find this evidence cannot support the jury's finding that the CD player had a value of between $500 and $1,500 when stolen. Although TEX.PEN.

CODE ANN. § 31.08(a)(2) states that replacement cost may be used as evidence of value if the fair market value of the property cannot be ascertained, evidence of replacement value must be the value of the item alleged to have been stolen, excluding labor and other intangibles necessary to complete replacement.[14] The only replacement value evidence offered on the stolen CD player did not exclude installation costs, or differentiate those costs from the cost of the replacement item alone. The value of the CD player is not the same as the cost of replacing it where the replacement cost includes installation.[15] A conviction for theft of property cannot depend upon items not alleged to have been stolen, and where the only evidence on value includes the value such items, there is in effect no evidence to show that value was in excess of the minimum amount necessary to support the conviction.[16] Thus, we find that replacement value cannot serve as a foundation for finding factually sufficient evidence.

 We therefore return to the evidence of fair market value as set out in our discussion of Issue One. Viewing that testimony as a whole, in a neutral light, we must conclude that evidence supporting the element of value between $500 and $1,500 is so weak as to be manifestly wrong and unjust. Within three cross-examination questions, the parts and service manager had completely contradicted himself on the value of the used CD player Drost took. Under these circumstances, we conclude there is factually insufficient evidence on the element of value of the stolen property. Issue Two is sustained.

### CONCLUSION

All other issues Drost urges would result in remand to the trial court. Having

---

14. *York v. State,* 721 S.W.2d 605, 607 (Tex. App.—Fort Worth 1986, pet. ref'd).

15. *Id.*

16. *Id.* at 607–08.

concluded that remand is necessary on factual sufficiency, we need not reach the remaining issues. The cause is reversed and remanded to the trial court for new trial.