IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

**STATE OF TENNESSEE v. GREGORY W. GURLEY**

**Appeal from the Circuit Court for Madison County**
**No. 01-116     Donald H. Allen, Judge**

<hr>

**No. W2001-02253-CCA-R3-CD - Filed August 6, 2002**

<hr>

The defendant, Gregory W. Gurley, pursues an appeal of a certified question of law in the wake of his guilty plea and resulting conviction of second-offense driving under the influence (DUI). In his reservation of a certified question for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i), the defendant claims that the trial court erred in denying his motion to suppress the results of an intoximeter test; he posits that the test results are inadmissible because the officer who administered the test failed to comply with the "20-minute" requirement for breath-alcohol testing that was established in *State v. Sensing*, 843 S.W.2d 412 (Tenn. 1992). Because the record supports the trial court's denial of the suppression motion, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Jeff Mueller, Jackson, Tennessee, for the Appellant, Gregory W. Gurley.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record of the proceedings below contains a transcript of the suppression hearing. Madison County Deputy Sheriff Shane Barnes, who was the sole witness at the hearing, testified that at approximately 9:30 p.m. on November 2, 2000 he arrested the defendant for DUI and transported him to the jail. After arriving at the jail, he took the defendant to the intoximeter room, where, upon looking at his watch, he commenced a 20-minute observation of the defendant. During this period, the defendant did not have any foreign matter in his mouth and did not drink, belch, or regurgitate. After the 20-minute period expired according to Deputy Barnes's watch, he used the intoximeter to

assess the defendant's blood-alcohol level. The state introduced through Deputy Barnes the intoximeter print-out, which reflected that the test was administered to the defendant at 10:06 p.m. and yielded a blood-alcohol reading of .12 percent.

Through cross-examining the deputy, the defendant introduced into evidence a copy of the jail dispatcher's computer log, which showed that Deputy Barnes reported his arrival at the jail with the defendant in tow at 9:48 p.m. and introduced a copy of the Jackson Police Department's computer log, which showed that, upon Deputy Barnes's arrival at the jail, he called the police department to get an incident number at 9:51 p.m. The Jackson Police Department computer log also showed that Deputy Barnes became available for patrol duty at 10:17 p.m., although the dispatcher's computer log showed that he became available at approximately 10:23 p.m.

During cross- and re-direct examination, as well as during examination by the trial judge, Deputy Barnes insisted that he used his own watch for purposes of timing the 20-minute period and that he conducted the full 20-minute observation before commencing the test. He testified that he did not remember the time of the evening shown on his watch when he commenced the 20-minute period. He did not time the period by the clock on the intoximeter. He testified that the intoximeter's clock was probably not synchronized with the dispatcher's clock and/or computer or with the police department's computer.

Reserving the right to appeal a certified question of law challenging the propriety of the trial court's denial of the suppression motion, the defendant pleaded guilty to the indictment's second count of second-offense DUI, pursuant to Tennessee Code Annotated section 55-10-401(a)(2). According to this Code section, a person commits DUI who drives an automobile or other motor driven vehicle on any public road, highway, street, alley, shopping center premises, trailer park, apartment house complex, or any other premises that is generally frequented by the public at large, while the "alcohol concentration in such person's blood or breath is [.10 percent] or more." Tenn. Code Ann. § 55-10-401(a)(2) (1998). Pursuant to the plea agreement, count one of the indictment, which alleged DUI via driving "under the influence," *see id.* § 55-10-401(a)(1), was dismissed.

In *State v. Sensing*, 843 S.W.2d 412 (Tenn. 1992), our supreme court established criteria for the admission of certain breath-alcohol tests:

> [T]he testing officer must be able to testify (1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation, (2) that he was properly certified in accordance with those standards, (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed, (4) that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did

not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke or regurgitate, (5) . . . that [the testing-officer] followed the prescribed operational procedure, [and] (6) [that he must be able to] identify the printout record offered in evidence as the result of the test given to the person tested.

*Id.* at 416.

The only facet of the *Sensing* requirements at issue in the present case is whether Deputy Barnes observed the defendant for the full 20-minute period prior to administering the intoximeter test. The purpose of the 20-minute period "is to make sure that the person tested has no foreign matter in his mouth, that he doesn't hiccough, vomit, belch, smoke, or take another drink – all of which could produce a false reading." *State v. Robert Leon Curtis*, No. 1 (Tenn. Crim. App., Jackson, Dec. 9, 1987), *judgment modified on other grounds* (Tenn. 1988); *see also State v. Mark Bateman*, No. 01C01-9608-CC-00377, slip op. at 5-6 (Tenn. Crim. App., Nashville, Dec. 17, 1997) (20-minute period "was judiciously imposed to protect against the skewing of test results due to [, *inter alia*,] recent digestive episodes experienced by the accused").

At the suppression hearing, the state bore the burden of establishing compliance with the *Sensing* requirements as a means of using the *Sensing* formula for gaining admission of the test results into evidence. *Sensing*, 843 S.W.2d at 416 (state must establish "the competency of the operator, the proper operation of the machine and that the testing procedures [were] properly followed"); *see State v. Korsakov*, 34 S.W.3d 534, 542 (Tenn. Crim. App. 2000). This burden is one of preponderance of the evidence. *State v. Edison*, 9 S.W.3d 75, 77 (Tenn. 1999). On appeal, the appellate court will presume the correctness of the trial court's ruling on the motion to suppress, unless the evidence preponderates otherwise. *Id.* at 78.

## I. Reservation of Issue for Certified Question Appeal.

Our first task is to determine whether the defendant has effectively reserved an issue for appeal. Even though a guilty plea was tendered by the defendant and accepted by the trial court, the defendant has sought to reserve a dispositive issue for appeal as a certified question of law. *See* Tenn. R. Crim. App. 37(b)(2)(i); *State v. Preston,* 759 S.W.2d 647, 650 (Tenn. 1988) (imposing rigid requirements for reserving a certified question, including that the judgment of conviction must articulate that the state and the trial court consented to the reservation and that both agreed that the issue is dispositive of the case). Without belaboring the point, we conclude from our review of the record that the defendant has properly and effectively reserved for our review the certified question of law.

## II. The Presentation of a Dispositive Issue.

Despite that the defendant complied with Rule 37(b)(2)(i) and *Preston* and thereby effectively reserved an appellate issue that the court and the parties below deemed to be dispositive

-3-

of the case, we must nevertheless determine that the issue is, indeed, dispositive. *State v. James O. Gambrell, Sr.*, No. 01C01-9603-CR-00123, slip op. at 4-5 (Tenn. Crim. App., Nashville, May 7, 1997) ("Satisfaction of the technical requirements does not ensure review by an appellate court. Appellate review of a properly certified question of law is permitted only when the certified question addresses a dispositive issue, [and a]n appellate court is not bound by the trial court's determination that an issue is dispositive.").

In a DUI conviction based upon the driving-while-under-the-influence provision of Tennessee Code Annotated section 55-10-401(a)(1), the denial of a *Sensing*-based motion to suppress is not necessarily dispositive of the case. It is not dispositive when sufficient convicting evidence exists that is "independent of the test result," such as testimony from an officer or other witness that the motorist drove in a manner, or otherwise exhibited behavior, that suggested impairment of the ability to drive. *Mark Bateman*, slip op. at 6; *see also State v. Daniel O'Neil Connelly*, No. M2000-01914-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 6, 2001).

We conclude, however, that when the conviction is based upon the *de facto* blood-alcohol content of .10 percent or more, Tenn. Code Ann. §55-10-401(a)(2) (1998), the admissibility into evidence of the only breath test given to the accused would be dispositive of the case, absent some evidence, not offered in the present case, that other blood-alcohol evidence could somehow yet be developed from existing facts. Thus, we conclude that the defendant has presented a dispositive issue.

### III. The Merits of the Defendant's Claim.

The defendant in his brief relies upon the documentary evidence introduced in the suppression hearing. It showed that, upon arriving at the jail with the defendant in custody, Deputy Barnes spent a total of 26 minutes at the jail, based upon a 9:51 p.m. arrival time and clearance for resumption of patrol at 10:17 p.m. He postulates that this time period was insufficient to allow the deputy to enter the jail, book the defendant, fill out a warrant and affidavit, observe the defendant for 20 minutes, and then administer the intoximeter test.

Although we commend the defendant's counsel for his overall well-conceived appellate theory, we must find it unavailing. In contrast to the police department log, the dispatcher's computer log reflects that Deputy Barnes arrived at the jail at 9:48 p.m. and was cleared for resumption of patrol at 10:23 p.m., leaving an interval of approximately 35 minutes. Moreover, the record fails to affirmatively reflect that Deputy Barnes actually booked the defendant and filled out the warrant papers prior to the intoximeter test or even prior to being listed available for patrol duty. He stated, "We go through the door there in Booking, bear right back to the left into the Intoximeter Room. It's right as you walk in the door." He testified that he commenced the 20-minute observation period immediately upon entering the intoximeter room.

-4-

At any rate, it is clear from the record of the suppression hearing that the trial court accredited the testimony of Deputy Barnes, who testified affirmatively that he timed a full 20-minute period via his watch. Based upon this testimony, the trial court determined that the state carried its burden of establishing compliance with the *Sensing* requirements. Presuming that the trial court's findings of fact are correct and noting that appellate courts defer to fact-finders to make credibility assessments of witnesses who testify at suppression hearings, *see State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996); *State v. Norris*, 47 S.W.3d 45, 468 (Tenn. Crim. App. 2000), we must conclude that the evidence does not preponderate against the lower court's findings. *See Edison*, 9 S.W.3d at 79 (appellate court could not "say that the evidence preponderates against the trial court's finding that the *Sensing* prerequisites were met," when the testing officer's testimony supported the trial court's determination).

As a result, we find no reversible error and affirm the trial court's denial of the motion to suppress.

_____
JAMES CURWOOD WITT, JR., JUDGE