2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FIDEL RAMIREZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-01-00295-CR



Appeal from the


394th District Court


of Presidio County, Texas 


(TC# 2814) 


O P I N I O N


 Fidel Ramirez appeals his conviction for arson after a jury trial. We affirm.

Facts

 Fidel Ramirez is a Mexican citizen that worked on the ranch of Will Shannon near
Ruidosa in southern Presidio County along the Rio Grande. Shannon provided a small
home for the Ramirez family on his ranch. The wiring and the appliances in the house
were new. The Ramirez family also used a tin shed that was about fifteen to twenty feet
from the house for storage of their clothing. The exterior of the shed was made of sheets
of tin covering a wooden frame and had no wiring at all. Ramirez had worked on the
ranch for five or six years.

 On the morning of September 6, 2000, Ramirez returned to the house after having
been away for a few days drinking. Prior to returning home, Ramirez went to the house
of his sister-in-law Zulema Carrasco, who lives nearby. She noticed that he was "a little
drunk." When Ramirez left her house to go home, Zulema followed. Upon arrival at his
home, Ramirez and his wife Rosa Emma Carrasco began to argue. Zulema arrived to a
scene of children crying and her sister trying to get the keys to the truck from her
husband. Rosa Emma took the spare set of keys, grabbed the kids, and left in the truck
for Zulema's house. Zulema began walking toward her house and Rosa Emma waited a
short distance away in the truck. Only Ramirez remained at the house.

 As the two women drove away with the children, Zulema noticed flames coming
out of the storage shed and smoke coming out of the house. Shortly thereafter, flames
began to emerge from the house as well. This was less than five minutes after they left
the Ramirez house.

 Around 7:30 a.m. that day, the Presidio County Sheriff's Department received a
call reporting the fire. Deputy Jose Cabezuela responded to the call and arrived forty
minutes later. The delay was due to the remoteness of the area, thirty-two miles from the
town of Presidio on rural roads. By the time he arrived, the roof and interior of the house
were already destroyed and the flames had burned out. The shed was just of tin panels
covering ashes. Ramirez was no longer at the house, but tracks led away from the house
toward the Rio Grande. The house is about a quarter of a mile from the river.

 There was no arson investigation to try to determine the precise cause of the fire or
to rule out unintentional means such as a short in the wiring or an accident with a
cigarette. The only officer to investigate the fire was Deputy Cabezuela, who has no
training in arson investigations. Rosa Emma testified that the heater was not on and that
there had been no problems with the electrical system in the house. The pictures used as
exhibits at trial, though "true and accurate" depictions of what happened, were taken after
the day the house and shed burned, not the day of Deputy Cabezuela's initial response.

 Ramirez was arrested several weeks later on September 25 in a bar in Ruidosa. 
He claims he was on his way back to the Shannon ranch to explain to Shannon what had
happened when he was arrested. In a letter to Shannon written from jail, Ramirez
explained that he had fallen asleep with a cigarette and the house had caught on fire. 
When he left the scene, the letter states, he had panicked and headed to Mexico.

 At trial it was revealed that Ramirez had been involved in two other house fires
prior to this one. On one occasion, a couple of years prior to the fire in question, 
Margarito Baeza, Ramirez's brother-in-law and Zulema's husband, had to tie a drunk and
angry Ramirez up outside the same house to calm him down. While he was tying 
Ramirez, he noticed smoke coming from the house. A pile of clothes was burned in the
house, but the fire had been put out before the house caught fire. Two days later, the
whole house burned down. After this fire, Shannon and Ramirez rebuilt the house,
including new wiring, and Shannon allowed the Ramirez family to live in it again. On a
second occasion, about a year before the fire in question, the Ramirez family house in
Mexico was destroyed by fire. Although no one saw Ramirez start the fire, Zulema
testified that he was the only one there and that he was drunk. After that fire started, 
Ramirez sat in a chair outside and watched the house burn without trying to stop it. There
is no direct evidence that any of these fires were intentionally set. In all these instances, 
Ramirez was the only person in the house.

Evidence of prior bad acts was properly admitted

 Ramirez's first point of error claims that the trial court erred in admitting evidence
of uncharged, extraneous conduct over a timely objection. He argues that the evidence of
the other fires was improperly admitted. This testimony, he contends, does little to
address the only matter in dispute, whether Ramirez started this fire intentionally or by
accident. He argues that whereas the probative value of this information is minimal, it
allowed a number of anecdotes about Ramirez's bad character as displayed by his
drinking and bad behavior toward his family. At trial Ramirez objected under Texas
Rules of Evidence Rule 404(b). The objection was overruled and the State was allowed
to present the testimony. We find this admission to be within the trial court's discretion.

 The letter from Ramirez to Shannon, offered into evidence by the defense,
explicitly stated that the cause of the fire was because Ramirez "mistakenly fell asleep
while smoking a cigarette," introducing the defense of accident.

 A trial court's decision to admit evidence of extraneous offenses for purposes
other than character conformity is reviewed on an abuse of discretion standard. Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996) (citing Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990)). Unless the trial court's decision to admit
evidence of bad acts falls outside of the zone of reasonable disagreement, given the law
and pertinent circumstances, this Court must uphold the trial judge's decision. 
Montgomery, 810 S.W.2d at 391-92.

 Rebuttal of defenses is a valid purpose for admitting evidence under Rule 404(b). 
Lane, 933 S.W.2d at 519 (citing Montgomery, 810 S.W.2d at 388); DeLeon v. State, 77
S.W.3d 300, 310 (Tex. App.--Austin 2001, pet. ref'd). Texas Rules of Evidence Rule
404(b) provides as follows:

 Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts
is not admissible to prove the character of a person in order to show action
in conformity therewith. It may, however, be admissible for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, provided that upon timely
request by the accused in a criminal case, reasonable notice is given in
advance of trial of intent to introduce in the State's case-in-chief such
evidence other than that arising in the same transaction.


Tex. R. Evid. 404(b).

 The testimony about other fires, Ramirez contends, presented him in a very
negative light, portraying him as a violent drunk, without any witness having actually
seen him light a fire. This lack of direct observation is simply the nature of circumstantial
evidence. Circumstantial evidence is direct proof of a secondary fact which, by logical
inference, demonstrates the ultimate fact to be proven. Cowan v. State, 840 S.W.2d 435,
438 (Tex. Crim. App. 1992). Here, the fact that Ramirez was the only person home and a
fire was lit could lead a jury to infer he lit the fire. That these fires occurred as they did is
relevant to Ramirez's claim of accident. Thus, this Court cannot say that the trial court
abused its discretion in admitting the evidence for that purpose. The jury was properly
instructed on the limited scope for which they were allowed to consider this evidence. 
The first point of error is overruled.

Requirements of Rule 403 balancing test were met

 Ramirez's second point of error urges the trial court erred in failing to conduct a
balancing test under Rule 403 to weigh the probative value of the evidence of uncharged
conduct against its potential for unfair prejudice. Texas Rules of Evidence Rule 403
provides that "Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403.

 During a discussion outside the jury's presence, counsel debated whether the
testimony about the other fires was admissible. Over a Rule 403 objection, the judge
allowed testimony stating, "And in connection with my ruling at the request of the
Defendant, the Court has made a 403 balancing test evaluation in its own mind in making
this ruling, and I do not find that the probative value is substantially outweighed by the
prejudicial effect in this case."

 Ramirez argues that this is not a performance under the balancing test at all. 
However, there is no requirement that the trial court make the required determination
explicitly on the record:

 Once a Rule 403 objection as to prejudice versus probative value is
invoked, the trial judge has no discretion as to whether or not to engage in
the balancing test required by that rule. However, a trial judge is not
required to sua sponte place any findings he makes or conclusions he draws
when engaging in this test into the record. . . . Rather, a judge is presumed
to engage in the required balancing test once Rule 403 is invoked and we
refuse to hold that the silence of the record implies otherwise.


Williams v. State, 958 S.W.2d 186, 195-96 (Tex. Crim. App. 1997) (citations omitted). 
Ramirez did not request that Rule 403 findings be explicitly placed on the record. The
trial judge said that he made the analysis and, in the absence of an explicit request by the
opposing party, was under no greater obligation to put that analysis in the record. We
overrule the second point of error.

Legally and factually sufficient evidence

exists to support the conviction

 In his third point of error, Ramirez claims that there was insufficient evidence,
both factually and legally, to support the conviction. "A person commits an offense [of
arson] if the person starts a fire, regardless of whether the fire continues after ignition, or
causes an explosion with intent to destroy or damage . . . (2) any building, habitation, or
vehicle . . . (D) knowing that it is located on property belonging to another." Tex. Penal
Code Ann. § 28.02(a)(2)(D) (Vernon Supp. 2003). The only real issue in the case was
whether Ramirez caused the fire with "intent to destroy or damage."

 "The essential element of the crime of arson is the wilful burning of the building,
without which the crime has not been committed. Proof merely that the building burned
is not sufficient to establish that fact. There must be some proof, direct or circumstantial,
of the wilful burning of the building." Wheeler v. State, 35 S.W.3d 126, 134-35 (Tex.
App.--Texarkana 2000, pet. ref'd) (citing Massey v. State, 154 Tex. Crim. 263, 226
S.W.2d 856, 859 (1950)). To establish the corpus delicti of arson, the state must produce
evidence that someone designedly set the fire. Id. at 134. A fundamental element of
arson is that the burning be wilful. The evidence establishing the corpus delicti need not
be direct, but may be circumstantial. Id. While such evidence must relate to the corpus
delicti, it need not be sufficient in itself to prove the offense; it need only render the
corpus delicti more probable than it would be without the evidence. Id. (citing Hough v.
State, 929 S.W.2d 484, 486 (Tex. App.--Texarkana 1996, pet. ref'd)). Circumstantial
evidence, of course, may be considered in both a legal and factual sufficiency review. 
See Cain v. State, 976 S.W.2d 228, 234 (Tex. App.--San Antonio 1998, no pet.).

Legal sufficiency

 In reviewing the legal sufficiency of evidence, this Court views the evidence in a
light most favorable to the verdict to determine whether any rational trier of fact could
find the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Geesa v. State,
820 S.W.2d 154, 159 (Tex. Crim. App. 1991); Rivera v. State, 885 S.W.2d 581, 583 (Tex.
App.--El Paso 1994, no pet.). Viewing evidence in a light most favorable to the verdict
means that the reviewing court is to review the evidence as it is already weighed by the
trier of fact's verdict, therefore deferring to the trier of fact's determinations of weight
and credibility. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The
court of appeals is not charged with determining whether the evidence establishes guilt
beyond a reasonable doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989),
cert. denied, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836
S.W.2d 700, 702 (Tex. App.--El Paso 1992, pet. ref'd). The fact finder, here the jury, is
the sole judge of the weight of the evidence and may choose to believe all, some, or none
of it. Moore v. State, 935 S.W.2d 124, 126 (Tex. Crim. App. 1996). We do not resolve
any conflict in fact, weigh any evidence, nor evaluate the credibility of any witnesses. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Rivera, 885 S.W.2d at
583. Further, a reviewing court is not to disturb the trier of fact's decision unless it is
found to be irrational or unsupported by more than a "mere modicum" of the evidence. 
See Moreno, 755 S.W.2d at 867.

 To begin, this Court must note that there were two buildings fifteen to twenty feet
apart that burned at the same time. The tin shed had no flammable exterior and no
electricity or other internal component that could ignite a fire. Both the house and the
shed were in flames within minutes of a drunk, angry Ramirez being left alone at the
house. All these facts support the jury's finding that the fires were intentionally set. 
Moreover, two other fires had occurred at his homes while Ramirez was drunk and angry,
which supports a finding of intent or absence of mistake in this fire. That evidence is not
used to prove through evidence of propensity that Ramirez intentionally lit this particular
fire, but it can refute his defensive claim of an accident. Finally, Ramirez's flight from
the scene could logically be interpreted as indicating guilt. See Burks v. State, 876
S.W.2d 877, 903 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130
L.Ed.2d 791 (1995).

 There is sufficient circumstantial evidence to conclude that the trier of fact could
find the element of intent in this case. Therefore, the evidence is legally sufficient to
support the conviction of Ramirez for arson.

Factual sufficiency

 This Court of Appeals reviews factual sufficiency of the evidence to support a
verdict by viewing all the evidence in a neutral light, rather than in a light most favorable
to the prosecution, and may reverse only if the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996);
Drost v. State, 47 S.W.3d 41, 45 (Tex. App.--El Paso 2001, pet. ref'd). This Court
reviews the evidence weighed by the jury that tends to prove the existence of the
elemental fact in dispute and compares it with the evidence that tends to disprove that
fact. Johnson, 23 S.W.3d at 7 (citing Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997)). In its
review of factual sufficiency, this Court is authorized to disagree with the fact finder's
determination; however, we must employ appropriate deference to prevent substituting
our judgment for that of the fact finder, and any evaluation should not substantially
intrude upon the fact finder's role as the sole judge of the weight and credibility given to
witness testimony. Id. (citing Clewis, 922 S.W.2d at 133; Jones, 944 S.W.2d at 648). 
This Court's authority to disagree is thus limited to situations where the record clearly
indicates such a step is necessary to arrest the occurrence of manifest injustice. Johnson,
23 S.W.3d at 9; Drost, 47 S.W.3d at 45. Evidence may be found to be factually
insufficient to support a verdict in two ways: (1) it may be so weak as to be clearly wrong
and manifestly unjust, or (2) an adverse finding of the fact finder may be against the great
weight and preponderance of the evidence. Johnson, 23 S.W.3d at 11; Drost, 47 S.W.3d
at 45.

 The State's evidence is set out above under the analysis of legal sufficiency. The
State proved that Ramirez was the only person home at the time of the fire. They also
presented evidence of both the house and the tin shed burning at the same time. Although
counsel for Ramirez argued that there could have been other causes for the fire such as
faulty wiring, the letter from Ramirez states that he did indeed start the fire by
accidentally falling asleep with a cigarette. The only evidence to support this defense of
accident is the letter presented into evidence. Testimony of the two other fires was
readily available to refute this claim. Thus, this Court cannot say that the evidence
presented at trial was so weak that the conviction of Ramirez was clearly wrong or
manifestly unjust. Neither can this Court conclude that when the jury found that Ramirez
intentionally started the fire, it did so against the great weight of the evidence. The letter
from Ramirez does not clearly outweigh the evidence presented by the prosecution. For
these reasons, the evidence presented at trial was factually sufficient to support the
conviction of Ramirez for arson. The third point of error is overruled.

Conclusion


 For the foregoing reasons, the conviction is affirmed.


 

 SUSAN LARSEN, Justice

February 6, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)