COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ADALBERTO
 CORTEZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00363-CR
  
 Appeal from the
  
 168th District Court
  
 of El Paso County, Texas
  
 (TC#20010D05988)
 
 




 

MEMORANDUM
OPINION

Adalberto Cortez appeals his
conviction for indecency with a child. 
Cortez presents two issues: 
factual sufficiency and ineffective assistance of counsel.  We affirm.

Factual Summary








On September 4, 2001, Cortez worked
as a substitute pre-kindergarten teacher at Campestre Elementary School in the
Socorro Independent School District.  The
complainant, four-year-old D.H., was one of the students in that class.  The child=s mother reported on the way home
from school, the girl said, A[T]hat man that I had today at school, he touched me.@ 
Upon questioning, the mother testified that the girl said, Ahe got her hand and put it on her
vagina,@ and said, AI don=t know, Mommy, but I was doing those
little snakes on my paper.  I was drawing
a little snake and he touched me.@ 
The next day her mother reported the incident to the school principal,
and D.H. repeated her story.  Three days
later, El Paso County Sheriff=s Detective Jaime Terrazas met with D.H. and her mother.  He testified his interview with D.H. was
conducted in Spanish, as that is the child=s only language.  He determined she was unable to identify her
upper body parts, but did refer to her vagina and anus as Acola,@ a slang term for back side.  He said D.H. told him her maestro
(teacher) had touched her front cola. 
She was unable to identify the teacher, but told the detective it was
the same teacher Athat her friend, I believe it was Coso=s car, was in.@ 
The friend ACoso@ was never identified, nor who may have been in a car with
him. The detective stated D.H. said Cortez had touched her underneath her dress
on top of her underwear.  Terrazas
determined there had been no penetration. 
Terrazas says he interviewed Cortez the same day, and that he was
cordial, polite, and cooperative.  In his
written and oral statements, Cortez denied ever having touched D.H. on her
vagina or of seeking to gratify himself sexually with any child.  On cross-examination, counsel for Cortez
established Cortez had never been accused of similar crimes.  Terrazas admitted the girl had told him she
was five, when she was only four at the time, and that she was unable to name
all the days of the week.  He also
testified that at one point D.H. said the touching happened over her clothes,
but at another time she said it happened under her clothes.








The complaining witness also
testified.  Both direct and
cross-examinations were brief.  She said
the touching occurred while she was seated in the classroom and defendant was
standing behind her.  She then testified
the touching was done over her panties, but not under her dress.  Neither counsel for the State nor Cortez
asked her to identify her cola, nor did they inquire as to whether
Cortez said anything to her while touching her, whether she was touched more
than once, or for how long the touching lasted. 
D.H. initially said no one else was in the room at the time of the
incident, then said her friends were there at the time.

Defense counsel called only one
witness--Cortez.  He denied the
allegation.  At that point, counsel for
Cortez launched into a detailed review of his criminal history, including five
arrests, running from 1978 to 1998, two for marijuana possession, two for DWI,
and one for driving without a license. 
Those arrests resulted in only two convictions, one for DWI and one for
driving without a license.  After his
testimony, the defense rested, and the jury returned a guilty verdict.  He received a three-year probated sentence.

Ineffective Assistance








Cortez=s first point of error asserts he
received ineffective assistance of counsel. 
The Strickland test provides a two-prong analysis to determine
whether counsel=s representation was so inadequate as to violate a defendant=s Sixth Amendment right to
counsel.  Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 
First, the defendant must show that his counsel=s performance fell below an objective
standard of reasonableness.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied,
519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997).  Second, assuming the defendant has
demonstrated deficient assistance, it is necessary to affirmatively prove
prejudice.  Id.  In other words, appellant must show a
reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. (citing Hernandez, 726
S.W.2d at 55).








In reviewing defense counsel=s representation at trial, we engage
in Aa strong presumption@ that actions of counsel were within
the wide range of reasonably professional assistance.  Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).  The burden is on
the appellant to overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Id. 
The State reasons that Cortez=s counsel elicited the extraneous
offices to present Cortez as candid, open, and honest.  Because Cortez failed to file a motion for a
new trial, there is nothing in the record to rebut the presumption that this
was a strategic decision.  Cortez=s brief fails to establish that trial
counsel=s performance fell below any
objective standard of reasonableness. 
Although it points out that the jury likely used the extraneous offenses
to presume Cortez is a Abad person@ and therefore convict him in spite of any deficiencies in
the evidence, it does not show trial counsel was professionally unreasonable or
deficient.  Candor and honesty in a
defendant is a valid trial strategy, and one that would not violate the Strickland
rule establishing counsel as ineffective. 
Cortez=s first point of error is overruled.

Factual Sufficiency








In his second point, Cortez
challenges the factual sufficiency of the evidence.  This Court reviews factual sufficiency of the
evidence to support a verdict by viewing all the evidence in a neutral light
and may reverse only if the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 6-7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996); Drost v. State, 47 S.W.3d 41, 45 (Tex. App.--El Paso 2001, pet.
ref=d). 
We review the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it with the evidence
that tends to disprove that fact.  Johnson,
23 S.W.3d at 7 (citing Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54
(1997)).  In our review of factual
sufficiency we may disagree with the fact finder=s determination; however, we give
deference in order to prevent substituting our judgment for that of the fact
finder, and any evaluation should not substantially intrude upon the fact
finder=s role as the sole judge of the
weight and credibility given to witness testimony.  Id. (citing Clewis, 922 S.W.2d
at 133; Jones, 944 S.W.2d at 648). 
Our authority to disagree is limited to situations where the record
clearly indicates such a step is necessary to arrest the occurrence of manifest
injustice.  Johnson, 23 S.W.3d at
9; Drost, 47 S.W.3d at 45. 
Evidence may be found to be factually insufficient to support a verdict
in two ways:  (1) it may be so weak as to
be clearly wrong and manifestly unjust, or (2) an adverse finding of the fact
finder may be against the great weight and preponderance of the evidence.  Johnson, 23 S.W.3d at 11; Drost,
47 S.W.3d at 45.

Here, the only evidence against
Cortez was the testimony of the alleged victim.   There were numerous inconsistencies in her
story, but the testimony of D.H. alone is sufficient to support Cortez=s conviction.  Goodman v. State, 66 S.W.3d 283, 286
(Tex. Crim. App. 2001).  In Goodman,
the court held that direct evidence of a fact, standing alone and if believed
by the jury, is always factually sufficient to prove that fact.  Id. at 286.  The jury was free to believe the testimony of
witnesses it found to be credible.  See
Goodman, 66 S.W.3d at 287.  Because
we find the verdict was not manifestly unjust nor against the great weight and
preponderance of the evidence, we overrule Cortez=s second point.








Conclusion

Having overruled both points of
error, the ruling of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

January 29, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)