Opinion issued June 1, 2006                                                                            
     












In The
Court of Appeals
For The
First District of Texas




                                                   NO. 01-05-00506-CR




JOHN CHRISTOPHER HALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1024256




MEMORANDUM OPINION

          A jury convicted appellant, John Christopher Hall, of aggravated assault. See
Tex. Pen. Code Ann. § 22.02 (Vernon 2005). After appellant pleaded true to one
enhancement paragraph, the jury assessed his punishment at 22 years’ confinement. 
In one point of error, appellant contends that the evidence was factually insufficient
to sustain his conviction. 
          We affirm.   
BACKGROUND
          The complainant, Jarrett Gutter, and Hall shared an apartment together until
Gutter was evicted in September 2003. Gutter borrowed Hall’s car to move his
belongings from the apartment on September 21, 2003. Upon returning Hall’s
vehicle, Gutter was shot in the arm by Hall. Soon after, Hall’s brother appeared and
began shooting Gutter with a different gun. In the meantime, Hall got into his car and
drove to where Gutter lay wounded. Hall reached out the vehicle’s open window and
shot Gutter again. Gutter suffered seven bullet wounds from the gunfire. Hall was
convicted of aggravated assault, and this appeal followed. DISCUSSION
Factual Sufficiency of the Evidence
          In his sole point of error, Hall argues that the evidence against him was
factually insufficient to sustain the jury’s verdict. Hall asserts that the State’s case
relied almost entirely upon the testimony of Gutter, whose credibility was undermined
by Gutter’s extensive criminal history. Further, Hall alleges that Gutter’s history of
drug use fatally compromised his ability to recall accurately the events in question. 
          We begin a factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility to be accorded any witness’s
testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight
to give contradictory testimonial evidence is within the sole province of the fact
finder because it turns on an evaluation of credibility and demeanor; the fact finder
may choose to believe all, some, or none of the testimony presented. Id. at 407–09. 
We must defer appropriately to the fact finder to avoid substituting our judgment for
its judgment. Zuniga, 144 S.W.3d at 481–82. 
          Here, Hall contends that the State’s case was factually insufficient because it
relied almost entirely on Gutter’s allegedly unreliable testimony. The State, however,
provided substantial evidence in addition to Gutter’s testimony. This additional
evidence included: (1) testimony by Thelma Guevara, an eyewitness to the shooting,
who positively identified Hall in a photo line up and (2) testimony by two officers
from the Houston Police Department that corroborated Gutter’s testimony. In light
of this, we cannot say that the evidence supporting Hall’s conviction depended solely
on Gutter’s testimony. 
           Hall further argues that it is not factually sufficient to rely on Gutter’s
testimony to support Hall’s conviction due to Gutter’s past criminal history and drug
use. According to Hall, reliance on Gutter’s testimony was clearly wrong and
manifestly unjust. We disagree. First, as noted, the jury had additional evidence
before it when considering Hall’s culpability. Therefore, it is erroneous to state that
Hall’s conviction was sustained solely by Gutter’s testimony. Second, the jury, as the
trier of fact, is the sole judge of the credibility of witnesses. Zuniga, 144 S.W.3d at
481. Here, the jury judged Gutter to be a credible witness despite his prior criminal
history and drug use. We are in no position to second guess the jury’s assessment of
the respective witnesses’ credibility. See id. 
          Hall cites Ward v. State, 48 S.W.3d 383 (Tex. App.—Waco 2001, pet. ref’d)
and Drost v. State, 47 S.W.3d 41 (Tex. App.—El Paso 2001, pet. ref’d) in support of
his argument. The facts in both Ward and Drost, however, are clearly distinguishable
from the facts presented here. In Ward, the court reversed an aggravated robbery
conviction when both an eyewitness and four alibi witnesses testified that the accused
was not the perpetrator. Ward, 48 S.W.3d at 389–91. Here, Hall did not put on any
similar controverting evidence. In Drost, the court reversed a conviction for theft of
over $500 but not more than $1,500, because witness testimony contradicted the
value element of the crime. Drost, 47 S.W.3d at 46. In the present case, no evidence
was presented to contradict any element of the aggravated assault.
           Accordingly, we conclude that the evidence was factually sufficient to support
the jury’s verdict and we overrule Hall’s sole point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
 

                                                   Evelyn V. Keyes
                                                   Justice

Panel consists of Justices Keyes, Alcala, and Bland. 
Do not publish. See Tex. R. App. 47.2(b).