Opinion issued January 15, 2009
















     






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00958-CR
NO. 01-07-00959-CR




CALVIN EARL GOULD, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 1105783 and 1105784




 
 
MEMORANDUM OPINION
            A jury convicted appellant, Calvin Earl Gould, Jr., of aggravated assault and
unlawful possession of a firearm. See Tex. Pen. Code Ann. §§ 22.01(a)(2),
22.02(a)(2), 46.04(a)(1) (Vernon Supp. 2008). The cases were consolidated for trial.
The trial court assessed punishment at 18 years in prison for aggravated assault and
15 years in prison for unlawful possession of a firearm. In a single point of error,
appellant challenges the factual sufficiency of the evidence supporting his
convictions. We affirm.
Background
          On February 24, 2007, appellant attended a gathering with his girlfriend,
Sabrina O’Bryant, and their baby at the home of Sabrina’s sister and brother-in-law,
Aretha and Lee Pittman. Aretha testified that she was initially happy to have appellant
in her house but that appellant and Sabrina began to argue as the day went on. At one
point, Aretha saw Sabrina come out of a bedroom “shaking” and “crying” with
swelling in her face and an “abrasion” under her eye. Aretha testified that Sabrina
said that appellant “beat [her] up.”
          As Aretha and Sabrina were talking, appellant came out of the bedroom, pulled
a gun from the back of his jeans, and began shouting obscenities and threats. After
initially pointing the weapon at Sabrina, appellant pointed it at Aretha for “maybe a
second.” Aretha testified that she “thought [she] was going to die that night.”
According to Aretha, appellant then “pointed [the gun] at everybody around the
room” and “said he was going to kill everybody” in the room. Appellant demanded
a ride home, and Aretha’s husband, Lee, agreed to take him. Appellant took his baby,
and Lee dropped them off at appellant’s house. Lee testified that he was hoping to
“calm [appellant] down” because appellant was “saying he was going to shoot the
place up.” Aretha placed a call to 911. Appellant was arrested on warrants stemming
from the incident approximately a month later. 
          In addition to unlawful possession of a firearm, appellant was charged with
aggravated assault for pointing the gun at Aretha. At trial, Aretha’s testimony that
appellant turned the gun on her was corroborated by Lee and by Aretha’s brother,
Roosevelt O’Bryant, both of whom were in the room when the incident occurred.
During the punishment phase of his trial, appellant admitted his guilt.
Factual SufficiencyAppellant challenges the factual sufficiency of the evidence supporting his
conviction.



Standard of Review
          When conducting a factual sufficiency review, we view all of the evidence in
a neutral light. See Brown v. State, 212 S.W.3d 851, 859 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d) (citing Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App.
1999)). We will set the verdict aside only if (1) the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence. See Brown, 212 S.W.3d at 859 (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Under the first prong of 
Johnson, we cannot conclude that a conviction is “clearly wrong” or “manifestly
unjust” simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. See Brown, 212 S.W. 3d at 859 (citing Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006)). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Brown, 212
S.W.3d at 859 (citing Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)). 
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. See King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder’s evaluation of
credibility and demeanor. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim.
App. 1997). As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n. 5. 
Discussion
          A person commits the offense of aggravated assault when he intentionally or
knowingly threatens another with imminent bodily injury and uses or exhibits a
deadly weapon while doing so. See Tex. Pen. Code Ann. §§ 22.01(a)(2), 22.02(a)(2)
(Vernon Supp. 2008). A person commits the offense of unlawful possession of a
firearm when he possesses a firearm after he has been convicted of a felony and
before the fifth anniversary of his release from confinement following conviction of
the felony. See id. § 46.04(a)(1) (Vernon Supp. 2008). “Possession” means actual
care, custody, control, or management. See id. § 1.07(39) (Vernon Supp. 2008).
During the guilt/innocence phase of trial, appellant stipulated that he was convicted
of the felony offense of Delivery of a Controlled Substance on or about January 21,
2003.
          During the State’s case, three witnesses testified that appellant pointed a
firearm in a threatening manner at Aretha Pittman. Appellant contends on appeal that
the witnesses’ collective testimony is not credible because it contains inconsistencies
and “[a]t least one of the state’s witnesses had prior felony convictions.” He also
points out that no gun was recovered or found in his possession. Appellant does not
cite to any examples in the record to bolster his claim that the testimony was
inconsistent and thus not credible. Regardless, the jury is the sole judge of the
credibility of witnesses and may choose to believe some testimony and disbelieve
other testimony. See Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)
(citing Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000)). We afford
almost complete deference to a jury’s evaluation of credibility. See Lancon, 253
S.W.3d at 705 (citing Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006)). Accordingly, the jury could have believed the testimony of the State’s
witnesses, and we give due deference to the jury’s determination that those witnesses
were credible.
          Appellant’s reliance on Ward v. State and Drost v. State is misplaced. In Ward,
the Waco Court of Appeals reversed an aggravated robbery conviction even though
three eyewitnesses identified the defendant as the robber. 48 S.W.3d 383 (Tex.
App.—Waco 2001, pet. ref’d). However, the defendant in Ward produced four alibi
witnesses and a time card from his employer showing that he was at work when the
robbery occurred, and one eyewitness identified another person as the robber. See id.
at 389-91. In the instant case, appellant produced no evidence controverting the
testimony of the State’s witnesses, and all three witnesses identified appellant as the
man holding the firearm. 
          In Drost v. State, the El Paso Court of Appeals reversed a conviction for theft
of more than $500 but less than $1,500 on the ground that the evidence of the value
of the property was factually insufficient. 47 S.W.3d 41 (Tex. App.—El Paso 2001,
pet. ref’d). The Drost court noted that the witness called by the State to establish the
fair market value of the stolen property contradicted himself as to the property’s value
and that the State produced no other evidence of that element of the crime. Id. at 45-46. The witness also failed to exclude the cost of installation from his estimate of the
stolen property’s replacement value as required by the Texas Penal Code. Id. Here,
the testimony of the State’s witnesses, along with appellant’s stipulation, properly
established every element of the crimes. The witnesses’ statements were also
internally consistent and consistent with each other on the question of whether
appellant aimed a firearm at Aretha Pittman in a threatening manner. Viewing the
relevant evidence in a neutral light, favoring neither the State nor appellant, and with
appropriate deference to the jury’s credibility determinations, we conclude that the
evidence supporting the verdict is not too weak to support the jury’s finding of guilt
beyond a reasonable doubt and that the weight of the evidence contrary to the verdict
is not so strong that the State could not have met its burden of proof. See Pena v.
State, 251 S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).
Accordingly, we overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland
Do not publish. Tex. R. App. P. 47.2(b).