COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 DAVID
 CAMARILLO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00318-CR
  
 Appeal from the
  
 383rd District Court
  
 of El Paso County, Texas
  
 (TC#20000D05463)
 
 




 

MEMORANDUM
OPINION

David Camarillo was convicted of
indecency with a child following a jury trial. 
He raises eight issues on appeal. 
We affirm.

Facts








In April of 2000, the complainant,
V.S., alleged that Camarillo had forced her to touch his penis seven years
earlier, when she was in the second grade. 
Camarillo is V.S.=s uncle through marriage to her mother=s sister.  V.S. said she was at Camarillo=s apartment when he came out of the
shower wearing only a towel, picked her up and placed her on a clothes hamper
in his walk-in closet, and forced her to touch his penis.  She said after about five minutes, Camarillo=s wife, Dianne, came in, questioned
Camarillo, they argued, and then Dianne left the room.  Both V.S. and her mother testified that as a
result of the incident, V.S.=s grades dropped and she failed the second grade.  However, school records indicate V.S. never
failed any grade, and she made B=s in second grade.  She did spend two years in kindergarten, but
her class evaluations were satisfactory. 
V.S. made her outcry to a therapist, who did not testify at trial.








V.S. also alleged that when she was
12 years old, she was sleeping at Camarillo=s home when she awoke to the sound of
the clicking of a camera.  She said her
underwear was pulled down, and Camarillo was touching her buttocks.  She said she then saw him looking at photos,
and while she never saw the photos, she was sure they were of her.  Camarillo was not charged in connection with
this second alleged incident.  In
addition, V.S. said that when she was 12, she spent the night with Camarillo=s niece, Marie Camarillo, and that
appellant inappropriately touched Marie=s Achest@ during the night.  Marie, who was 20 at the time of trial,
testified the incident never occurred, Camarillo never acted inappropriately
with her, and that she trusts him with her own child.  Camarillo=s wife also testified and denied that
she ever saw her husband act inappropriately with V.S.  Camarillo testified that he did not commit
the alleged act.  Three character
witnesses testified that Camarillo was good with children and a law-abiding
man.  Four character witnesses testified
that V.S. is an untruthful person.  Two
of the witnesses testified V.S. has a reputation for being untruthful.  Camarillo also presented evidence that at the
time of the alleged incident, he had undergone surgery for carpal-tunnel
syndrome in his arm, and that he could not lift anything heavier than ten
pounds.

In
the course of the trial, Camarillo=s
counsel objected four times that the prosecutor was improperly commenting on
the veracity of the State=s witnesses. 
During opening statements, the prosecutor attempted to assert that a
police officer would testify that he believed V.S. was telling the truth when
she made her outcry.  The court sustained
Camarillo=s timely objection, and denied a mistrial.  The State then attempted to imply that the
detective in charge of the case only made arrests when a complainant was
truthful.  Again, an objection was
sustained, and mistrial denied.  During
the State=s closing argument, Camarillo=s counsel objected eleven times; the court sustained
eight, gave six instructions to the jury to disregard, and denied three motions
for mistrial.  One of those objections
came when the prosecutor pointed to the consistency of V.S.=s statements:

 

I
mean, she told a story to her therapist. 
And from there she told the police. 
From the police, she=s told me and she=s told
you.  And every time, it=s all been consistent. 


 

The
judge sustained the objection and instructed the jury to disregard.  Two more objections quickly followed:

 

Prosecutor:  You had heard Detective Bolick testify that
she told him the story.  She told him
what had happened.  If--and that he--and
that he put it in that report.  If there
had been--

 

Defense
counsel:  Object as to arguing outside
the record, Judge.

 








The
Court:  Sustained.

 

Prosecutor:  He told--she told him what had happened.  If there hadn=t been
an indecency, don=t you think Mr. Morales would have--

 

Defense
counsel:  Object as to arguing outside
the record.  Attacking at the defendant
over the shoulders of counsel.

 

The Court:  Overruled. 

The jury convicted Camarillo, and
sentenced him to eight years= probation and a fine of $8,000.  After a hearing on a motion for a new trial,
the judge denied the motion.

Issue One--Factual Sufficiency








In his first issue, Camarillo
challenges the factual sufficiency of the evidence to support his
conviction.  We review factual
sufficiency of the evidence to support a verdict by viewing all the evidence in
a neutral light and may reverse only if the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State, 23
S.W.3d 1, 6-7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996); Drost v. State, 47 S.W.3d 41, 45 (Tex. App.--El
Paso 2001, pet. ref=d).  This Court reviews
the evidence weighed by the jury that tends to prove the existence of the
elemental fact in dispute and compares it with the evidence that tends to
disprove that fact.  Johnson, 23
S.W.3d at 7 (citing Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54
(1997)).  In its review of factual
sufficiency the court may disagree with the fact finder=s determination; however, we give
deference in order to prevent substituting our judgment for that of the fact
finder, and any evaluation should not substantially intrude upon the fact
finder=s role as the sole judge of the
weight and credibility given to witness testimony.  Id. (citing Clewis, 922 S.W.2d
at 133; Jones, 944 S.W.2d at 648). 
Our authority to disagree is limited to situations where the record
clearly indicates such a step is necessary to arrest the occurrence of manifest
injustice.  Johnson, 23 S.W.3d at
9; Drost, 47 S.W.3d at 45. 
Evidence may be found to be factually insufficient to support a verdict
in two ways:  (1) it may be so weak as to
be clearly wrong and manifestly unjust, or (2) an adverse finding of the fact
finder may be against the great weight and preponderance of the evidence.   Johnson, 23 S.W.3d at 11; Drost,
47 S.W.3d at 45.

Here, the only evidence against
Camarillo was the testimony of the child victim.  Although there were numerous inconsistencies
in her story, she never equivocated about the way in which the alleged incident
occurred.  The State relies on Goodman
v. State, 66 S.W.3d 283, 286 (Tex. Crim. App. 2001) for the notion that the
testimony of V.S. is sufficient to support Camarillo=s conviction.  In Goodman, the court held that direct
evidence of a fact, standing alone and if believed by the jury, is always
factually sufficient to conclusively prove that fact.  Id. at 286.  The State also points out that the testimony
of Camarillo=s witnesses that he is a law-abiding
man and that V.S. is untruthful in no way directly refuted her testimony, and
the jury was free to believe the testimony of witnesses it found to be
credible.  See Goodman, 66 S.W.3d
at 287.








Camarillo=s argument focuses on the
inconsistencies in the statements of V.S. and her mother.  Both asserted that V.S. flunked second grade,
despite contradictory evidence in her school records.  There was much confusion over the date of the
event, and some of the State=s questioning appeared to follow a theory that perhaps the
event occurred when V.S. was in kindergarten, and her memory of failing was
actually her repetition of kindergarten. 
However, V.S. never wavered from her contention that it happened in
second grade.

While there were numerous
inconsistencies, we cannot say that the finding of guilt is against the great
weight and preponderance of the evidence. 
See Johnson, 23 S.W.3d at 11. 
The evidence consisted of the testimony of witnesses.  When considering the evidence weighed by the
jury that tends to prove the existence of the elemental fact in dispute and
compare it with the evidence that tends to disprove the fact, it is clear that
the jury=s decision came down to which
witnesses they believed.  Having found
the evidence to be factually sufficient, we overrule Camarillo=s Issue One.

Issues Two through Five--

Improper Argument/Cumulative Effect

 

Camarillo=s Issues Two through Five address the
comments of the prosecutor relating to the veracity of the State=s witnesses.  Camarillo asserts the trial court erred in
refusing to grant a mistrial, in overruling counsel=s objections, and that he did not
receive a fair trial as a result of the cumulative effect of the prosecution=s improper argument.  We disagree.








The purpose of jury argument is to
help the jury analyze evidence in order to reach a just and reasonable
verdict.  Campbell v. State, 610
S.W.2d 754, 756 (Tex. Crim. App. 1980). 
There are four general parameters for jury argument:  (1) summation of evidence properly before the
jury; (2) reasonable deduction from that evidence; (3) an answer to argument of
opposing counsel; and (4) pleas for law enforcement.  Cannon v. State, 668 S.W.2d 401, 404
(Tex. Crim. App. 1984); Laca v. State, 893 S.W.2d 171, 184-85 (Tex.
App.--El Paso 1995, pet. ref=d).

The State contends it was merely
attempting to respond to the statements of defense counsel attacking the
credibility of defense witnesses. 
Undoubtedly, V.S.=s credibility and consistency were at issue, and witnesses
may be rehabilitated during argument by pointing to consistencies in their
testimony.  McDuffie v. State, 854
S.W.2d 195, 216-17 (Tex. App.--Beaumont 1993, pet. ref=d). 
Even if the comments were improper, the trial court in this case
sustained Camarillo=s objections, and instructed the jury to disregard, so any
harm that may have resulted from the comments was cured.

This argument, however, cannot
justify the prosecutor=s comments during opening statements, as they came before Camarillo
had a chance to invite any argument:

Prosecutor:  We=re also
going to bring in Detective Howard Bolick--well, now Sergeant--he=s been promoted to sergeant.  He works for the El Paso Police
Department.  He=s the main officer, or one of the main officers
for--concerning sexual crimes against children. 
He has investigated hundreds of cases of sexual crimes against children
in the community.  Hundreds of
children.  And he=s going to testify that, through his experience and
his questioning, he=s able to find out if these children are telling the
truth or not.

 








Defense
counsel:  I=m going
to object, Your Honor looks like he=s
going--I=m sorry--that=s
improper argument--it=s going to be improper evidence if they even try to
put that on.

 

                                                                         .    .   
.

 

The
Court:  I will sustain that objection.

 

The court sustained the objection,
and instructed the jury to disregard, which is generally the appropriate remedy
for improper argument.  McGinn v.
State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998).  Where the jury has been instructed to
disregard, only offensive or flagrant error warrants reversal, and such error Amust have been a willful and
calculated effort on the part of the State to deprive [the appellant] of a fair
and impartial trial.@  Wesbrook v. State,
29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

Here, the prosecutor=s comments do not appear willful or
calculating.  We hold that the comments
in this case were not Aflagrant error,@ or an effort on the part of the
State to deprive Camarillo of a fair trial. 
We conclude that the instructions to disregard were adequate to cure any
error, and no cumulative error is shown. 
We overrule Camarillo=s second, third, fourth, and fifth issues.

Issue Six--Right to Confront and
Cross-Examine








In his sixth issue, Camarillo asserts
the trial court violated his right to confront and cross-examine witnesses by prohibiting
him from asking the complainant how she perceived her reputation in the
community.  Specifically, Camarillo
wanted to question V.S. about her alleged reputation as AThe Slut of Appaloosa.@ 
The court rightfully questioned the relevance of that line of
questioning.  Camarillo=s offer of proof focused on his need
to question V.S. on how she perceived her reputation, and how that may have
impacted her outcry.

The U.S. Constitution guarantees
criminal defendants the right to confront and cross-examine witnesses against
them.  See U.S. Const. amend. VI. 
Each Confrontation Clause issue must be weighed on a case-by-case basis,
taking into account the defendant=s rights and the risk factors
associated with admission of the evidence. 
Hoyos v. State, 951 S.W.2d 503, 510 (Tex. App.--Houston [14th
Dist.] 1997), aff=d,
982 S.W.2d 419 (Tex. Crim. App. 1998). 
The trial court should balance the probative value of the evidence
sought to be introduced against the risk its admission may entail.  Castillo v. State, 939 S.W.2d 754, 758
(Tex. App.--Houston [14th Dist.] 1997, pet. ref=d) (citing Hodge v. State, 631
S.W.2d 754, 758 (Tex. Crim. App. [Panel Op.] 1982)).  The exclusion of evidence is reviewed for
abuse of discretion.

The trial court concluded that
question had little, if any, probative value, and any probative value was
outweighed by the prejudicial nature of the statement.  Camarillo was allowed to extensively question
the witness about any variety of issues probative to the case.  The court was within its discretion to
exclude this evidence, and its exclusion did not violate the defendant=s right of confrontation. Camarillo=s sixth issue is overruled.








Issues Seven and Eight--Outside
Influence on Jury

In his seventh and eighth issues,
Camarillo contends that jurors were improperly influenced by banners, cut-outs,
and posters throughout the courthouse proclaiming April, the month of trial, as
AChild Abuse Prevention Month@ and by two newspapers which the
court bailiff found in the jury room.

At a hearing on a motion for a new
trial, an investigator for Camarillo testified that banners, cut-outs, and
posters proclaiming April AChild Abuse Prevention Month@ were throughout the courthouse, and
likely seen by anyone entering the building at that time.  However, Camarillo failed to provide evidence
that those posters and banners actually influenced the jury.

The court=s bailiff testified that at least
twice during the trial he saw copies of the local paper in the jury room, but
he did not see any of the jurors reading the paper, nor did he know whether it
was during trial or during deliberations. 
Camarillo presented no evidence that jurors actually read the paper
during the course of the trial, or that there were any stories about this case
in the newspapers.








Camarillo admits he has not proved
the jury was exposed to the public service advertisements in any meaningful way
during deliberations.  Camarillo relies
on In the Matter of M.A.F., 966 S.W.2d 448, 450 (Tex. 1998) to support
his argument that he is entitled to a new trial.  In that case, jurors were deliberating and
reviewing evidence when they discovered a marijuana cigarette in the pocket of
the defendant=s jacket.  Id. at 449. The jury notified the
court, but no instruction was given, and deliberations continued.  Id. The court reversed the conviction
because the jury received new, adverse evidence after retiring to
deliberate.  Id. at 451.

It can hardly be said that the
viewing of public service announcements in the courthouse rises to the level of
a juror=s discovery of new evidence during deliberations.  Camarillo presents no evidence that suggests
that the content of the posters or the newspapers had any effect upon any juror
in this case.  As there was no showing of
any outside influence on the jury, we need not reach the issue of whether the
trial court abused its discretion when it denied Camarillo=s motion for a new trial, and
therefore Issues Seven and Eight are overruled.

Conclusion

Having overruled all of Camarillo=s issues presented, we affirm his
conviction.

 

SUSAN
LARSEN, Justice

January 22, 2004

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)